ORIGINAL

| STATE OF TENNESSEE 20TH JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER *16-1044-III* |
|---|---|---|
| PLAINTIFF State of Tennessee | | DEFENDANT Porsche Cars North America, Inc. |

TO:   (NAME AND ADDRESS OF DEFENDANT)

Porsche Cars North America, Inc.
CT Corporation System
800 S. Gay St., Ste 2021
Knoxville, TN 37929-9710

**Method of Service:**

- ☑ Certified Mail
- ☐ Davidson Co. Sheriff
- ☐ *Comm. Of Insurance
- ☐ *Secretary of State
- ☐ *Out of County Sheriff
- ☐ Private Process Server
- ☐ Other

List each defendant on a separate summons.       *Attach Required Fees

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) Wilson S. Buntin Tennessee Attorney General's Office P.O. Box 20207 Nashville, TN 37202 (615) 253-5118 | FILED, ISSUED & ATTESTED                    SEP 2 8 2016 MARIA M. SALAS, Clerk and Master By:                            1 Public Square                                         Suite 308                                         Nashville, TN 37201  Deputy Clerk & Master |
|---|---|

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing.  The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

♰ADA Coordinator, Maria M. Salas (862-5710)



**Exhibit**

Notice of Removal

**A**

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows:  (Name of Party Served) _____

☐ Served _____     ☐ Not Found _____
☐ Not Served _____      ☐ Other _____

| DATE OF RETURN: | By: |
|---|---|
|  | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____.  On the _____ day of _____, 20___, I received the return

receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| **Sworn to and subscribed before me on this _____ day of _____ _____, 20____.** Signature of ____ Notary Public or ____ Deputy Clerk | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|
| My Commission Expires: |  |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court.  The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books.  Should any of these items be seized you would have the right to recover them.  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:  Clerk & Master
1 Public Square
Suite 308
Nashville TN 37201

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | MARIA M. SALAS, Clerk & Master |
|---|---|
|  | By: _____ |
|  | D.C. & M. |



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Wilson Buntin
Office of the Attorney General
P.O. Box 20207
Nashville, TN   37202-0207

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
800 Gay St., Ste. 2021
Knoxville, TN  37929-9710

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Samantha Sutton

☐ Agent
☐ Addressee

B. Received by (Printed Name)    OCT 3 - 2016

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail     ☐ Express Mail
   ☒ Registered         ☒ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7015 0640 0002 7083 5213

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

ORIGINAL

| STATE OF TENNESSEE 20TH JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER *16-1044-III* |
|---|---|---|
| PLAINTIFF State of Tennessee | DEFENDANT Volkswagen Group of America, Inc. | |

TO:   (NAME AND ADDRESS OF DEFENDANT)

Volkswagen Group of America, Inc.
Corporation Service Company
2908 Poston Ave
Nashville, TN 37203-1312

Method of Service:

- [x] Certified Mail
- [ ] Davidson Co. Sheriff
- [ ] *Comm. Of Insurance
- [ ] *Secretary of State
- [ ] *Out of County Sheriff
- [ ] Private Process Server
- [ ] Other

List each defendant on a separate summons.          *Attach Required Fees

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU.  YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW.  IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) Wilson S. Buntin Tennessee Attorney General's Office P.O. Box 20207 Nashville, TN 37202 (615) 253-5118 | FILED, ISSUED & ATTESTED      SEP 2 8 2016 MARIA M. SALAS, Clerk and Master By:            1 Public Square                  Suite 308                  Nashville, TN 37201                                        Deputy Clerk & Master |
|---|---|

NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing.  The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

ⓑADA Coordinator, Maria M. Salas (862-5710)

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows:  (Name of Party Served) _____

☐ Served _____   ☐ Not Found _____
☐ Not Served _____   ☐ Other _____

| DATE OF RETURN: | By: |
|---|---|
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____.  On the _____ day of _____, 20___, I received the return

receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____, 20___. | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|
| Signature of _____ Notary Public or _____ Deputy Clerk | |
| My Commission Expires: _____ | |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

    Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court.  The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them.  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

    Mail list to:  Clerk & Master
                1 Public Square
                Suite 308
                Nashville TN 37201

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | MARIA M. SALAS, Clerk & Master |
|---|---|
| | By: _____ |
| |                                    D.C. & M. |

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee |
| | B. Received by (*Printed Name*)<br>Eric Johson | C. Date of Delivery<br>9/30/16 |
| 1. Article Addressed to:<br><br>Corporation Service Company<br>2908 Poston Ave.<br>Nashville, TN  37203 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☒ Registered ☒ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? (*Extra Fee*) ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7015 0640 0002 7083 5206 |

PS Form **3811**, February 2004          Domestic Return Receipt          102595-02-M-1540

UNITED STATES POSTAL SERVICE 



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Wilson Buntin
Office of the Attorney General
P.O. Box 20207
Nashville, TN  37202-0207

RECEIVED

OCT 3 - 2016

TN ATTORNEY GENERAL
ENVIRONMENTAL DIVISION

ORIGINAL

| STATE OF TENNESSEE 20TH JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER 16-1044-III |
|---|---|---|
| PLAINTIFF State of Tennessee | DEFENDANT Porsche AG | |

TO:   (NAME AND ADDRESS OF DEFENDANT)

Porsche AG
David Rein
Sullivan & Cromwell
125 Broad St.
New York, NY 10004

List each defendant on a separate summons.

Method of Service:

- [x] Certified Mail
- [ ] Davidson Co. Sheriff
- [ ] *Comm. Of Insurance
- [ ] *Secretary of State
- [ ] *Out of County Sheriff
- [ ] Private Process Server
- [x] Other

*Attach Required Fees

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) Wilson S. Buntin Tennessee Attorney General's Office P.O. Box 20207 Nashville, TN 37202 (615) 253-5118 | FILED, ISSUED & ATTESTED         SEP 2 8 2016 |
|---|---|
| | MARIA M. SALAS, Clerk and Master By:                1 Public Square Suite 308 Nashville, TN 37201 Deputy Clerk & Master |

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing.  The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | |
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

⚓ADA Coordinator, Maria M. Salas (862-5710)

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows:  (Name of Party Served) _____

☐ Served _____       ☐ Not Found _____
☐ Not Served _____    ☐ Other _____

| DATE OF RETURN: | By: |
|---|---|
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____.  On the _____ day of _____, 20___, I received the return

receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____, 20___. Signature of _____ Notary Public or _____ Deputy Clerk | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|
| My Commission Expires: | |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

   Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court.  The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them.  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

   Mail list to:  Clerk & Master
                        1 Public Square
                        Suite 308
                        Nashville TN 37201

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | MARIA M. SALAS, Clerk & Master By: |
|---|---|
| | D.C. & M. |

ORIGINAL

| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER<br>*16· 1044 - III* |
|---|---|---|
| PLAINTIFF<br>State of Tennessee | | DEFENDANT<br>Volkswagen AG |

TO:   (NAME AND ADDRESS OF DEFENDANT)

Volkswagen AG
David Rein
Sullivan & Cromwell
125 Broad St.
New York, New York 10004

List each defendant on a separate summons.

Method of Service:

☑ Certified Mail
☐ Davidson Co. Sheriff
☐ *Comm. Of Insurance
☐ *Secretary of State
☐ *Out of County Sheriff
☐ Private Process Server
☑ Other

*Attach Required Fees

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br>Wilson S. Buntin<br>Tennessee Attorney General's Office<br>P.O. Box 20207<br>Nashville, TN 37202<br>(615) 253-5118 | FILED, ISSUED & ATTESTED<br><br>SEP 2 8 2016<br><br>MARIA M. SALAS, Clerk and Master<br>By:           1 Public Square<br>                Suite 308<br>                Nashville, TN 37201<br><br>Deputy Clerk & Master |
|---|---|

NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing.  The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | |
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

ADA Coordinator, Maria M. Salas (862-5710)

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows:  (Name of Party Served) _____

☐ Served _____    ☐ Not Found _____
☐ Not Served _____    ☐ Other _____

| DATE OF RETURN: | By: |
|---|---|
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____. On the _____ day of _____, 20___, I received the return receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____, _____, 20___. <br><br> Signature of _____ Notary Public or _____ Deputy Clerk <br><br><br> My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court.  The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them.  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:  Clerk & Master
              1 Public Square
              Suite 308
              Nashville TN 37201

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | MARIA M. SALAS, Clerk & Master <br><br> By: _____ <br><br> D.C. & M. |
|---|---|

# ORIGINAL

| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER<br>16-1044-III |
|---|---|---|
| PLAINTIFF<br>State of Tennessee | DEFENDANT<br>Audi AG | |

TO:   (NAME AND ADDRESS OF DEFENDANT)

   Audi, AG
   Sullivan & Cromwell
   Attention David Rein, Esq
   125 Broad Street
   New York, New York 10004

Method of Service:

- ☑ Certified Mail
- ☐ Davidson Co. Sheriff
- ☐ *Comm. Of Insurance
- ☐ *Secretary of State
- ☐ *Out of County Sheriff
- ☐ Private Process Server
- ☐ Other

List each defendant on a separate summons.       *Attach Required Fees

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU.  YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW.  IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br>Wilson S. Buntin<br>Tennessee Attorney General's Office<br>P.O. Box 20207<br>Nashville, TN 37202<br>(615) 253-5118 | FILED, ISSUED & ATTESTED<br>10\|3\|16<br><br>**MARIA M. SALAS, Clerk and Master**<br>By:       1 Public Square<br>           Suite 308<br>           Nashville, TN 37201<br><br>Deputy Clerk & Master |
|---|---|

## NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing.  The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | |
| | **Sheriff** |

***Submit one original plus one copy for each defendant to be served.

⚲ADA Coordinator, Maria M. Salas (862-5710)

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows:  (Name of Party Served) _____

☐ Served _____  ☐ Not Found _____
☐ Not Served _____  ☐ Other _____

| DATE OF RETURN: | By: |
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____.  On the _____ day of _____, 20___, I received the return

receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____ _____, 20___. <br> Signature of _____ Notary Public or _____ Deputy Clerk <br><br> My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):
    Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court.  The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them.  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

    Mail list to:  Clerk & Master
              1 Public Square
              Suite 308
              Nashville TN 37201

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | MARIA M. SALAS, Clerk & Master <br><br> By: <br><br> D.C. & M. |

COPY

# IN THE CHANCERY COURT OF DAVIDSON COUNTY, TENNESSEE
## FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE

STATE OF TENNESSEE, *ex rel.* )
HERBERT H. SLATERY III, in his official )
capacity as the Attorney General and Reporter )  Case No. _16-1044-III_
of Tennessee, and )
)
ROBERT J. MARTINEAU, JR., in his official )
capacity as the Commissioner of the Tennessee )
Department of Environment and Conservation )
)
Plaintiffs, )
v. )
)
VOLKSWAGEN AKTIENGESELLSCHAFT )
(d/b/a VOLKSWAGEN AG); AUDI AG; )
VOLKSWAGEN GROUP OF AMERICA, INC. )
DR. ING. H.C. F. PORSCHE AG )
(d/b/a PORSCHE AG); and )
PORSCHE CARS NORTH AMERICA, INC., )
)
Defendants. )

---

## VERIFIED COMPLAINT

---

## I.   INTRODUCTION

1.      This is a civil action for penalties brought by the State of Tennessee by and through

Attorney General and Reporter Herbert H. Slatery III at the request of the Commissioner of the

Tennessee Department of Environment and Conservation Robert J. Martineau, Jr. (collectively the

"Plaintiffs") against the above captioned defendants (collectively "Defendants" or "Volkswagen")

for violations of the *Tennessee Air Quality Act*, Tenn. Code Ann. § 68-201-101 to -120 (the "Air

Act") and its implementing regulations, Tenn. Comp. R. & Regs. 1200-03-01 to 1200-03-36 (the

"Rules").

2.      The Air Act and the Rules establish a comprehensive regulatory scheme designed to prevent pollution to the atmosphere by, among other things, monitoring and controlling the amount of air contaminants emitted from in-use motor vehicles.

3.      Emissions from in-use vehicles are regulated in Tennessee in two ways: (1) by anti-tampering laws; and (2) by required inspection and maintenance (I & M) emissions testing regulations to ensure that vehicles in the state are being properly operated and maintained. Tenn. Code Ann. §§ 68-201-112(a)(1), 68-201-112(a)(3), and 68-201-120; *see also* Tenn. Comp. R. & Reg. 1200-03-29 and 1200-03-36.

4.      Volkswagen violated the Air Act and the Rules by tampering with emissions control devices and by circumventing the state I & M emissions testing program for in-use motor vehicles by designing and installing defeat devices in over a dozen separate U.S.-market Audi, Volkswagen and Porsche models equipped with 2.0 liter and 3.0 liter diesel engines (the "Unlawful Vehicles")[1] from the 2009-2016 model years, which were sold between 2008 and 2015.

5.      Volkswagen's defeat devices are comprised of software that causes the vehicles' emissions control systems to switch on (or ramp up) when the vehicles are being tested but to turn off (or dial back) those emissions controls at all other times.

6.      The defeat devices were not disclosed to state or federal regulators, and as a result the Unlawful Vehicles were certified for sale after testing and also passed periodic emissions testing required under law.

7.      In normal driving conditions, the Unlawful Vehicles emit pollution, specifically oxides of nitrogen ("$NO_x$"), at between 5 and 40 times the allowable amounts.

---

[1] The Unlawful Vehicles are identified in the chart at pages 10-11 *infra*.

8.      Volkswagen sold and/or leased more than 573,000 Unlawful Vehicles nationwide, including 11,448 in Tennessee.

9.      Based on initial estimates, the defeat devices were responsible for more than 45,000 additional tons of $NO_x$ pollution, a precursor to the formation of ozone, being emitted into the air nationwide from these vehicles.

10.     For many years, Volkswagen has been aware that the illegal defeat devices were installed in their diesel models.

11.     And yet, for more than 16 months after researchers identified the giant gap between Volkswagen's compliant emissions performance in the laboratory and its failing emissions performance in road testing, Volkswagen denied the validity of the research and that its cars violated the emissions regulations.

12.     Only when it found itself under pressure from the United States Environmental Protection Agency ("EPA") and the California Air Resources Board ("CARB")—including EPA and CARB's refusal to certify for sale model year 2016 diesel vehicles—did Volkswagen admit that it had installed defeat devices in most of its diesel fleet and misled state and federal regulators on an unprecedented scale.

13.     On June 28, 2016, Volkswagen announced a partial settlement of the claims asserted against it by litigants in a multidistrict litigation pending in the United States District Court for the Northern District of California.

14.     The terms of the partial settlement, which is subject to court approval, require Volkswagen to, *inter alia*, (A) either buyback or fix the 2.0 liter Unlawful Vehicles and provide owners and lessees with additional compensation, (B) establish an environmental mitigation trust fund in the amount of $2.7 billion to fund projects in all states to reduce $NO_x$ emissions, and (C)

invest $2 billion ($800 million in California, $1.2 billion in other states) over 10 years to improve infrastructure, access, and education to support zero emission vehicles.

15.     In separate partial settlements announced the same day, Volkswagen agreed to pay civil penalties to over 40 states, including Tennessee, of approximately $1,100 per car (or over $500 million in total) solely for Defendants' violation of the consumer protection laws of these states.

16.     The partial consumer protection act settlements do not address or resolve any claims for civil penalties for Volkswagen's numerous environmental violations.

17.     In the partial state settlements Volkswagen admits to (A) installing software in 2.0 liter Unlawful Vehicles that "result[ed] in emissions that exceed EPA-compliant and CARB-compliant levels when the vehicles are driven on the road" and (B) failing to disclose the existence of these defeat devices in Volkswagen's applications to regulators, so that "design specifications of the 2.0 Subject Vehicles [Unlawful Vehicles], as manufactured, differ materially from the design specifications described" in those applications.

18.     Together with court costs, the Plaintiffs are seeking civil penalties against Volkswagen in an amount sufficient to punish it for its conduct and to deter it, as well as other automakers, from engaging in and repeating this form of deliberate misconduct in the State of Tennessee in the future.

## II.     JURISDICTION AND VENUE

19.     This Court has jurisdiction over the subject matter of this action pursuant to Tenn. Code Ann. §§ 68-201-111 and 68-201-117.

20.    Venue is proper in Davidson County pursuant to Tenn. Code Ann. § 68-201-117 because Davidson County is a county where Volkswagen is doing business and a county where the pollution from the Unlawful Vehicles is occurring.

## III.    PARTIES

### A. Plaintiffs.

21.    This action is brought in the name of the State of Tennessee by Plaintiff, Herbert H. Slatery III, in his official capacity as Attorney General and Reporter for the State of Tennessee. The Attorney General is the chief law enforcement officer in the State of Tennessee, of all its departments, commissions, and agencies. Tenn. Code Ann §§ 8-6-109 and 8-6-301. The Attorney General also has authority over litigation involving the public interest. The Attorney General's official residence is in Nashville, Davidson County, Tennessee.

22.    This action is also brought in the name of Plaintiff, Robert J. Martineau, Jr., in his official capacity as the Commissioner of the Tennessee Department of Environment and Conservation (the "Commissioner"). The Commissioner has the authority to enforce violations of the Air Act. Tenn. Code Ann. §§ 68-201-111, -112 and -117. The Affidavit and Verification of Chris Moran, Civil Enforcement Coordinator for the Tennessee Department of Environment and Conservation is attached as Exhibit 1 to the Verified Complaint. The Commissioner's official residence is in Nashville, Davidson County, Tennessee.

### B. Defendants

23.    Volkswagen Aktiengesellschaft ("Volkswagen AG") is a corporation organized under the laws of Germany and has its principal place of business in Wolfsburg, Germany.

24.    Audi AG is a corporation organized under the laws of Germany, has its principal place of business in Ingolstadt, Germany, and 99.55% of its stock is owned by Volkswagen AG.

25.     Volkswagen Group of America, Inc. ("VWGoA") is a corporation organized under the laws of the State of New Jersey, with its principal place of business located at 2200 Ferdinand Porsche Drive, Herndon, Virginia.  VWGoA is a wholly-owned subsidiary of Volkswagen AG. Audi of America, Inc. is an operating unit of VWGoA.  VWGoA may be served through its registered agent for service of process, Corporation Service Company, at 2908 Poston Ave., Nashville, TN 37203-1312.

26.     Dr. Ing. h.c. F. Porsche d/b/a Porsche AG ("Porsche") is a corporation organized under the laws of Germany, has its principal place of business in Stuttgart, Germany, and is an indirect, wholly-owned subsidiary of Volkswagen AG.

27.     Porsche Cars North America, Inc. ("Porsche NA") is a Delaware corporation which has its principal place of business at One Porsche Drive, Atlanta, Georgia.  Porsche NA is an indirect wholly-owned subsidiary of Porsche.  Porsche NA may be served through its registered agent for service of process, CT Corporation System, 800 S. Gay St., Ste. 2021, Knoxville, TN 37929-9710.

28.     Each of the above referenced entities is a "person" as defined by the Air Act.  Tenn. Code Ann. § 68-201-102(7).

29.     At all relevant times, the Defendants were engaged in the business of manufacturing, importing, delivering, selling, leasing, offering for sale or lease, titling or registering Unlawful Vehicles in Tennessee.

30.     In addition, Defendants transact or have transacted business in Tennessee through at least nine Tennessee car dealerships.

31.     Since 2011, Volkswagen has operated an assembly plant in Chattanooga, Tennessee, which has manufactured some of the Unlawful Vehicles, including the diesel-engine Passat.

## IV.     REGULATORY BACKGROUND

32.     The purpose of the Air Act is "to maintain purity of the air resources of the state consistent with the protection of normal health, general welfare and physical property of the people[.]" Tenn. Code Ann. § 68-201-103.

33.     The Air Act prohibits any person from knowingly failing to comply with any provision of the Air Act, or "any duly promulgated air pollution control regulation." Tenn. Code Ann. § 68-201-112(a)(1).

34.     The Air Act prohibits any person from knowingly falsifying, tampering with, or rendering inaccurate "any monitoring device or method required to be maintained or followed." Tenn. Code Ann. § 68-201-112(a)(3).

35.     The Air Act prohibits any person from removing or rendering inoperative "any device or element of design installed on or in a motor vehicle or motor vehicle engine in compliance with regulations under the federal Clean Air Act, compiled in 42 U.S.C. § 7401 *et seq.*, prior to [or after] its sale and delivery to the ultimate purchaser[.]" Tenn. Code Ann. § 68-201-120.

36.     The Rules require annual inspections of in-use light-duty motor vehicles registered in counties designated by rule to have an I & M program and prohibit owners from obtaining vehicle registrations unless they pass this inspection. Tenn. Comp. R. & Regs. 1200-03-29-.03.

37.     In counties with an I & M program, of which there are six[2], the Rules indicate that an inspected in-use light-duty diesel vehicle must fail an emissions inspection if it does not pass a visual check of the Malfunction Indicator Light ("MIL"), i.e. the check engine light, and an electronic examination of the Onboard Diagnostics ("OBD") computer.  Tenn. Comp. R. & Regs. 1200-03-29-.05(4); *see also* Tenn. Comp. R. & Regs. 1200-03-29-.07(4).

38.     The Rules provide that "[n]o person shall cause, suffer, allow, or permit tampering of a motor vehicle or motor vehicle engine that is in compliance with federal motor vehicle standards."  Tenn. Comp. R. & Regs. 1200-3-36-.03(1).

39.     The Rules define "tampering" to mean "modify, remove, render inoperative, cause to be removed, or make less operative any air pollution emission control device or element of design installed on a motor vehicle or motor vehicle engine which results in an increase in emissions beyond established federal motor vehicle standards."  Tenn. Comp. R. & Regs. 1200-03-36-.02(17); *see also* Tenn. Comp. R. & Regs. 1200-03-29-.02(45).

40.     The Rules also prohibit any person from selling, manufacturing, offering to sell, or installing "any part or component on a motor vehicle or motor vehicle engine where the purpose of the part or component is to bypass, defeat, or render inoperative any device or element of design installed on or in a motor vehicle or motor vehicle engine that is in compliance with the federal motor vehicle standards."  Tenn. Comp. R. & Regs. 1200-03-36-.03(2).

41.     The Air Act and Rules provide for civil penalties of up to $25,000 per day for each violation of the Air Act and/or the Rules.  Tenn. Code Ann. §§ 68-201-116 and -117; *see also* Tenn. Comp. R. & Regs. 1200-03-13-.01.

---

[2] The six counties in Tennessee designated by rule to have I & M programs are Davidson, Hamilton, Rutherford, Sumner, Williamson, and Wilson Counties.  Tenn. Comp. R & Regs. 1200-03-29-.12.

42.   An action for the assessment of a civil penalty may be filed in the chancery court of the county where the pollution is occurring or where the violator or polluter is doing business. Tenn. Code Ann. § 68-201-117.

## V.   FACTS

### A.   Defendants Violated the Environmental Laws of Tennessee and Perpetuated a Massive Fraud on Regulators and the Public.

43.   Unless otherwise stated, the allegations set forth in this Complaint are based upon information obtained from the documents produced by Defendants, the testimony of Defendants' current and former employees, publicly available press reports, and information and documents obtained from other third-party sources through the Tennessee Attorney General's independent investigatory efforts.

44.   At all times material to this action, the Defendants worked in concert with the common objective of engaging in the emissions cheating scheme described in this Complaint. Each of the Defendants was, and still is, the agent of the others for this purpose, and each has acted, and is acting, for the common goals and profit of them all.  Therefore, all acts and knowledge ascribed to one of them are properly imputed to the others.

45.   Volkswagen AG, and its subsidiaries Audi AG, Porsche AG, and VWGoA, designed the Unlawful Vehicles specifically for sale to U.S. customers by their U.S. affiliates.

46.   Volkswagen AG allocates and controls the overall research and development and marketing budgets for the brands in the VW Group, including Audi and Porsche.

47.   Volkswagen AG, VWGoA, Audi AG, and Porsche AG share engineering research and development and engine concepts and designs, including in this case, the development and installation of the illegal defeat devices in the Unlawful Vehicles.

48.     At all relevant times, Volkswagen AG, Audi AG, and Porsche AG acted with and through their US affiliates, in particular, VWGoA's Michigan-based Engineering and Environmental Office ("EEO") and Porsche NA, to interact with regulators to obtain legal certifications to sell the Unlawful Vehicles in the United States.

49.     Additionally, the EEO and Porsche NA engaged with regulators regarding emissions-related compliance and notification issues, for Volkswagen AG, including the defeat device-related allegations described herein.

50.     The Defendants knowingly engaged in multiple violations of Tennessee's air quality environmental laws.

**B.  Defendants Tampered With the Emission Control Devices in the Unlawful Vehicles by Installing Illegal Defeat Devices.**

51.     The Unlawful Vehicles, which contain the illegal defeat device, include the following makes and models sold or leased in the United States for the 2009 through 2016 model years:

### 2.0 Liter Diesel Models

| Model Year (MY) | Generation (Gen)/Engine | Environmental Protection Agency ("EPA") Test Group | Vehicle Make and Model(s) |
|---|---|---|---|
| 2009 | Gen 1 /EA189 | 9VWXV02.035N 9VWXV02.0U5N | VW Jetta, VW Jetta Sportwagen |
| 2010 | Gen 1 /EA189 | AVWXV02.0U5N | VW Golf, VW Jetta, VW Jetta Sportwagen, Audi A3 |
| 2011 | Gen 1 /EA189 | BVWXV02.0U5N | VW Golf, VW Jetta, VW Jetta Sportwagen, Audi A3 |
| 2012 | Gen 1 /EA189 | CVWXV02.0U5N | VW Golf, VW Jetta, VW Jetta Sportwagen, Audi A3 |
| 2013 | Gen 1 /EA189 | DVWXV02.0U5N | VW Beetle, VW Beetle Convertible, VW Golf, VW Jetta, VW Jetta Sportwagen, Audi A3 |
| 2014 | Gen 1 /EA189 | EVWXV02.0U5N | VW Beetle, VW Beetle Convertible, VW Golf, VW Jetta, VW Jetta Sportwagen |

| 2012 2013 2014 | Gen 2 /EA189 | CVWXV02.0U4S DVWXV02.0U4S EVWXV02.0U4S | VW Passat |
|---|---|---|---|
| 2015 | Gen 3 /EA288 | FVGAV02.0VAL | VW Beetle, VW Beetle Convertible, VW Golf, VW Golf Sportwagen, VW Jetta, VW Passat, Audi A3 |

### 3.0 Liter Diesel Models

| Model Year (MY) | EPA Test Group(s) | Vehicle Make and Model(s) |
|---|---|---|
| 2009 | 9ADXT03.03LD | VW Touareg, Audi Q7 |
| 2010 | AADXT03.03LD | VW Touareg, Audi Q7 |
| 2011 | BADXT03.02UG BADXT03.03UG | VW Touareg Audi Q7 |
| 2012 | CADXT03.02UG CADXT03.03UG | VW Touareg Audi Q7 |
| 2013 | DADXT03.02UG DADXT03.03UG DPRXT03.0CDD | VW Touareg Audi Q7 Porsche Cayenne Diesel |
| 2014 | EADXT03.02UG EADXT03.03UG EPRXT03.0CDD EADXJ03.04UG | VW Touareg Audi Q7 Porsche Cayenne Diesel Audi A6 Quattro, A7 Quattro, A8L, Q5 |
| 2015 | FVGAT03.0NU2 FVGAT03.0NU3 FPRXT03.0CDD FVGAJ03.0NU4 | VW Touareg Audi Q7 Porsche Cayenne Diesel Audi A6 Quattro, A7 Quattro, A8L, Q5 |
| 2016 | GVGAT03.0NU2 GPRXT03.0CDD GVGAJ03.0NU4 | VW Touareg Porsche Cayenne Diesel Audi A6 Quattro, A7 Quattro, A8L, Q5 |

52.     For simplicity and clarity, throughout this Complaint the 2.0 and 3.0 liter vehicles will be referred to collectively as the "Unlawful Vehicles."

53.     Defendants sold, leased, and warranted more than 573,000 Unlawful Vehicles nationwide, including 11,448 in Tennessee.

54.     Upon information and belief, there are approximately 10,200 Unlawful Vehicles currently registered in Tennessee through the State's Department of Revenue.

55.    The defeat devices Defendants manufactured and installed in the Unlawful Vehicles consist of sophisticated software that detects when the Unlawful Vehicles are undergoing required emissions testing and turns full emissions controls "on" during the tests to circumvent emissions testing, but at all other times of normal vehicle operation and use, suppresses the operation of the emissions controls, resulting in unmitigated tailpipe $NO_x$ emissions.

56.    The Defendant manufactured the Unlawful Vehicles identified above with one or more defeat devices that were not revealed or disclosed to state or federal regulators before the Unlawful Vehicles were entered into commerce and placed for sale in Tennessee.

57.    The defeat devices Volkswagen installed on the Unlawful Vehicles varied, depending on the engine size.

58.    On the Unlawful Vehicles featuring 2.0 liter diesel engines, the defeat device consists of test recognition software in each Unlawful Vehicle's electronic control module ("ECM"), which circumvents emissions testing procedures by recognizing various operational parameters applicable when being tested for compliance with the applicable emission standards, such as the position of the steering wheel, vehicle speed, duration of the engine's operation, and barometric pressure.

59.    The ECM runs software to circumvent emissions standards, producing compliant emissions results under an ECM calibration that Volkswagen has called "dyno calibration," in reference to the equipment used in emissions testing (the "dynamometer").

60.    At all other times during normal operation of each Unlawful Vehicle, the defeat device is activated and the vehicle ECM software runs a separate "road calibration" that reduces

the effectiveness of each Unlawful Vehicle's emission control system, whether a selective catalytic reduction system or lean $NO_x$-trap.[3]

61.     As a result, the 2.0 liter Unlawful Vehicles' $NO_x$ emissions are up to 40 times higher than the EPA-compliant levels, depending on the type of drive cycle (e.g., city or highway driving).

62.     On the Unlawful Vehicles featuring 3.0-liter diesel engines, Volkswagen's defeat devices consist of software in the ECMs that operates in a different manner, by indicating that a temperature conditioning mode is active during the emissions test and altering injection timing, exhaust gas recirculation rates, and common rail fuel pressure in such a way to reduce tailpipe $NO_x$ emissions to below the applicable standards.

63.     The defeat device for the 3.0-liter diesel engines also has a timer that ceases use of the temperature conditioning mode when these Unlawful Vehicles are operating normally on the road.

64.     As a result, the 3.0 liter Unlawful Vehicles' $NO_x$ emissions are 9 times higher than EPA-compliant levels, depending on the type of drive cycle (e.g., city or highway driving).

65.     At all relevant times, Volkswagen has known that the test recognition software it installed in the 2.0 and 3.0 liter Unlawful Vehicles, which turned emissions controls on during testing and off during road driving, were illegal defeat devices under state and federal environmental laws.

---

[3] A selective catalytic reduction system reduces NOx emissions by spraying liquid urea in the exhaust stream, thereby creating harmless nitrogen and water.  A lean NOx-trap operates by trapping NOx emissions in a catalytic converter and then periodically running the engine in a fuel-rich, oxygen-lean mode to activate the catalytic converter, so to enable it to break down its trapped NOx into benign nitrogen and oxygen.

C. **Volkswagen Manipulated the On-Board Diagnostics System on the Unlawful Vehicles to Conceal the Defeat Devices.**

66.     Tennessee has I & M testing programs in six counties that require all registered motor vehicles to pass periodic annual inspection tests that evaluate, among other things, the vehicles' emissions control systems.

67.     In Tennessee, as elsewhere, the I & M test does not directly measure the vehicle's emissions, but relies instead on the vehicle's on-board diagnostics system ("OBD") to relay information on whether the vehicle's emissions system is functioning properly.

68.     Federal law requires auto manufacturers to equip their cars with OBDs that electronically report failures of emissions systems to mechanics or inspectors during service or inspection.

69.     Properly-functioning OBDs would have reported the failure of the Unlawful Vehicles to run their emissions control systems properly and would have alerted inspectors, mechanics, and vehicle owners that the vehicles' emissions systems were not functioning correctly and required repair.

70.     To allow the Unlawful Vehicles to pass Tennessee's I & M testing, Volkswagen therefore needed to, and in fact did, implement a further cheat: it programmed the OBDs on its defeat-device equipped cars to falsely report at inspection time that the automobiles' emissions systems were working properly, thereby deceiving state inspectors into believing the emissions control systems were working properly in the Unlawful Vehicles.

71.     This deception subverted Tennessee's I & M program and caused a substantial waste of time and resources; for a period of more than 7 years, despite subjecting the Unlawful Vehicles to thousands of periodic inspections, Tennessee's inspectors, mechanics, and vehicle

owners were misled into believing Defendants' vehicles complied with applicable environmental laws when in fact they were grossly violating those laws.

      **D.  Defendants Knew that their Installation of the Defeat Devices in the Unlawful Vehicles Caused them to Emit Excess Pollutants.**

72.     At all relevant times, the Defendants have known that the defeat devices installed in the 2.0 liter and 3.0 liter Unlawful Vehicles they manufactured and that they sold in the United States, including in Tennessee, cause them to emit many times the allowed $NO_x$ during normal operation in violation of state and federal laws and regulations promulgated to protect human health and the environment from mobile sources of air pollution.

73.     The excess $NO_x$ emitted by the Unlawful Vehicles combines in the atmosphere with volatile organic compounds ("VOCs") in a complicated reaction in the presence of heat and sunlight to form ozone, a major component of urban smog that harms the public health and damages the environment.

74.     Ozone causes and contributes to human respiratory health problems, including chest pains, shortness of breath, coughing, nausea, throat irritation and increased susceptibility to respiratory conditions, such as asthma, and disproportionately affects vulnerable members of society, particularly children and the elderly.

75.     Ozone also causes considerable damage to natural resources, including vegetation, animal life, and water quality.

76.     $NO_x$ emissions also cause eutrophication of, and excess nutrient loading in state waters, reduce the diversity of fish and other life in these waters, and, along with sulfur dioxide ("$SO_2$") found in the atmosphere from other sources, contribute to the creation of fine nitrate and sulfate particles.

77.     Like ozone, fine particulates affect Tennessee residents by causing human respiratory distress, cardiovascular disease, and even premature mortality.

78.     Fine nitrate and sulfate particles are also toxic to aquatic life and vegetation.

79.     As a result of Defendants' failure to disclose that under normal operating conditions the Unlawful Vehicles emit up to 40 times the allowed levels of $NO_x$ pollution, the Unlawful Vehicles have illegally emitted at least 45,000 additional tons of $NO_x$ emissions into the atmosphere nationwide.

### E.   Volkswagen Continued to Deny the Existence of the Defeat Devices and Misled Regulators Even After Initial Evidence of their Existence Surfaced.

80.     In or about May of 2014, EPA and CARB were alerted to emissions problems with Volkswagens' diesel vehicles when West Virginia University's ("WVU") Center for Alternative Fuels, Engines & Emissions ("CAFEE") completed a study commissioned by the International Council on Clean Transportation ("ICCT") and prepared a report (the "WVU Report") that found on-the-road emissions from two Volkswagen light duty diesel vehicles, a 2012 Jetta and a 2013 Passat, were between 5 and 35 times higher than the legal emissions limits.

81.     Following the publication of the WVU Report, EPA and CARB undertook further investigation.

82.     Volkswagen represented to regulators that it could address the excess $NO_x$ emissions in the 2.0-liter models through a voluntary recall to optimize the vehicles' software.

83.     Volkswagen issued the promised recalls for certain 2.0-liter Unlawful Vehicles in December 2014 and March 2015.

84.     Follow-up laboratory and normal road operations testing conducted by CARB and EPA showed the software recalls' benefit was limited.

85.     CARB continued to press Defendants through the spring of 2015 to account for the Unlawful Vehicles' elevated on-the-road emissions.

86.     None of the explanations offered by Defendants during that time period explained the elevated emissions consistently confirmed during CARB's testing.

87.     Only when CARB and the EPA made it clear to Defendants that the agencies could not certify Defendants' 2016 model year diesel vehicles for sale until the anomalies were adequately explained did Volkswagen finally admit it had designed and installed defeat devices in 2.0-liter Unlawful Vehicles in the form of sophisticated software algorithm to falsify emission test results.

88.     Throughout its discussions with regulators in 2014 and 2015, Defendants knew or should have known that the defeat devices in the Unlawful Vehicles disabled, changed, or altered or rendered inoperative elements of the Unlawful Vehicles' design related to compliance with applicable emissions standards, and that installing these defeat devices constituted violation of Tennessee's air quality laws.

### F. After 16 Months of Obfuscation and Concealment, Defendants Finally Admitted their Deception to Regulators.

89.     On September 3, 2015, Volkswagen admitted to CARB and EPA staff that the 2.0 liter Unlawful Vehicles were designed and manufactured with a defeat device to disable, change, alter or render inoperative elements of those vehicles' emission control systems.

90.     Thereafter, on September 18, 2015, EPA issued to Volkswagen a Notice of Violation ("September 2015 NOV") reflecting its determination that:

> VW manufactured and installed defeat devices in certain model year 2009 through 2015 diesel light-duty vehicles equipped with 2.0 liter engines. These defeat devices bypass, defeat, or render inoperative elements of the vehicles' emissions control system that exists to comply with [CAA] emission standards.... Additionally, the EPA has determined that, due to the existence of the defeat

devices in these vehicles, these vehicles do not conform in all material respects to the vehicle specifications described in the applications for the certificates of conformity that purportedly cover them.

91.     The same day, CARB sent an "In-Use compliance" letter to Volkswagen describing its investigation of the "reasons behind these high $NO_x$ emissions observed on their 2.0 liter diesel vehicles over real world driving conditions" and its related discussions with Volkswagen.

92.     According to CARB, those discussions "culminated in VW's [September 3, 2015] admission to CARB and EPA staff that it has, since model year 2009, employed a defeat device to circumvent CARB and the EPA emission test procedures."

93.     In a second round of notices issued on November 2, 2015, the EPA and CARB extended their determinations to "certain model year 2014-2016 diesel light-duty vehicles equipped with 3.0 liter engines."

94.     On November 20, 2015, CARB issued a press release reporting that in a November 19, 2015 meeting with EPA and CARB, "VW and AUDI told EPA and CARB that the issues raised in the In-Use Compliance letter extend to all 3.0 liter diesel engines from model years 2009 through 2016."

95.     Thereafter, in an In-Use Compliance Letter dated November 25, 2015, CARB confirmed its determination "that all 3.0 liter model years 2009-2016 test groups of the [Audi AG, Porsche AG, Porsche Cars North America, Volkswagen AG, and Volkswagen Group of America, Inc.] are in noncompliance with CARB standards[.]"

96.     In addition to its admissions to regulators, Volkswagen has also made numerous public admissions to legislators, consumers and investors.

97.     For example, in prepared testimony before the House Committee on Energy and Commerce Subcommittee on Oversight and Investigations dated October 8, 2015, Michael Horn,

then-President and CEO of Volkswagen Group of America, Inc., confirmed Defendants'
September 3, 2015 admission to CARB and the EPA stating the following:

> that emissions in four cylinder diesel vehicles from model years 2009-2015
> contained a 'defeat device' in the form of hidden software that could recognize
> whether a vehicle was being operated in a test laboratory or on the road. The
> software made those emit higher levels of nitrogen oxides when the vehicles were
> driven in actual road use than during laboratory testing.

98.    During the same October 8, 2015 hearing, Michael Horn admitted Volkswagen
made false representations to the EPA and CARB when, in response to questions raised by the
WVU report, it claimed the increased $NO_x$ emissions were due to technical issues and unexpected
in-use conditions.

## VI.    VIOLATIONS OF LAW

99.    Tenn. Code Ann. § 68-201-120 prohibits any person from removing or rendering
inoperative "any device or element of design installed on or in a motor vehicle or motor vehicle
engine in compliance with regulations under the federal Clean Air Act, compiled in 42 U.S.C. §
7401 *et seq.*, prior to [or after] its sale and delivery to the ultimate purchaser[.]"

100.    By installing and using a defeat device on each of the Unlawful Vehicles with the
intent of causing the emissions control system of that Unlawful Vehicle to become inoperative in
normal, non-emissions test operating conditions, Volkswagen violated Tenn. Code Ann. § 68-201-
120 with respect to each of the Unlawful Vehicles.

101.    Tenn. Code Ann. § 68-201-112(a)(3) prohibits any person from knowingly
falsifying, tampering with, or rendering inaccurate "any monitoring device or method required to
be maintained or followed."

102.    By installing and using a defeat device on each of the Unlawful Vehicles, which
falsifies, tampers with, or renders inaccurate the OBD's ability to produce an accurate assessment

of that Unlawful Vehicle's true emissions performance during the annual state I & M testing, which performance is required in order to be in compliance with federal motor vehicle emissions standards, Volkswagen violated Tenn. Code Ann. § 68-201-112(a)(3) with respect to each of the Unlawful Vehicles.

103.    Tenn. Code Ann. § 68-201-112(a)(1) prohibits any person from knowingly failing to comply with any provision of the Air Act, or "any duly promulgated air pollution control regulation."

104.    Tenn. Comp. R. & Regs. 1200-03-36-.03(1) states that "[n]o person shall cause, suffer, allow, or permit tampering of a motor vehicle or motor vehicle engine that is in compliance with federal motor vehicle standards."

105.    The Air Act's implementing regulations state that "tampering" means to "modify, remove, render inoperative, cause to be removed, or make less operative any air pollution emission control device or element of design installed on a motor vehicle or motor vehicle engine which results in an increase in emissions beyond established federal motor vehicle standards." Tenn. Comp. R. & Regs. 1200-03-36-.02(17); *see also* Tenn. Comp. R. & Regs. 1200-03-29-.02(45).

106.    By installing and using a defeat device on each of the Unlawful Vehicles to cause, suffer, allow, or permit the emissions control system of that Unlawful Vehicle to become inoperative in normal, non-emissions test operating conditions, Volkswagen violated Tenn. Comp. R. & Regs. 1200-03-36-.03(1) with respect to each of the Unlawful Vehicles.

107.    Tenn. Comp. R. & Regs. 1200-03-36-.03(2), prohibits any person from selling, manufacturing, offering to sell or installing "any part or component on a motor vehicle or motor vehicle engine where the purpose of the part or component is to bypass, defeat, or render inoperative any device or element of design installed on or in a motor vehicle or motor vehicle

engine that is in compliance with the federal motor vehicle standards." Tenn. Comp. R. & Regs. 1200-03-36-.03(2).

108.    By installing and using a defeat device on each of the Unlawful Vehicles to cause devices or elements of design otherwise in compliance with the federal motor vehicle standards to be bypassed, defeated, or rendered inoperative, or by providing Unlawful Vehicles to dealers for sale or lease to customers, Volkswagen violated Tenn. Comp. R. & Regs. 1200-03-36-.03(2) with respect to each of the Unlawful Vehicles.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request the following relief:

1.    That this Verified Complaint be filed without cost bond as provided by Tenn. Code Ann. § 20-13-101.

2.    That process issue and be served upon Defendants requiring them to appear and answer this Complaint.

3.    That upon trial or final hearing in this matter, this Court assess civil penalties against the Defendants jointly and severally in an amount not to exceed $25,000 per day for each day of violation in accordance with Tenn. Code Ann. §§ 68-201-116 and 68-201-117.

4.    That upon a trial or final hearing in this matter, this Court enter a judgment against the Defendants in the amount assessed by the Court for violations of the Air Act and the Rules, for which execution may issue if necessary.

5.    That this Court assess post-judgment interest on any judgment for civil penalties against the Defendants in accordance with Tenn. Code Ann. §§ 47-14-121 and 47-14-122 until the judgment against them has been satisfied in full, for which execution may issue if necessary.

6.     That this Court grant the Plaintiffs such other and additional relief as the Court

deems appropriate and just.

RESPECTFULLY SUBMITTED,


HERBERT H. SLATERY III (#9077)
Attorney General and Reporter
State of Tennessee


WILSON S. BUNTIN (#023231)
Senior Counsel
Tennessee Attorney General's Office
Economic & Regulatory Section
Environmental Division
Post Office Box 20207
Nashville, TN 37202-0207
Phone: 615-253-5118


LAURAN STURM (#030828)
Assistant General Counsel
Department of Environment and Conservation
Office of General Counsel
312 Rosa L. Parks
Nashville, TN
Phone: 615-253-4169

IN THE CHANCERY COURT OF DAVIDSON COUNTY, TENNESSEE
FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE

| | |
|---|---|
| STATE OF TENNESSEE, *ex rel.* ) <br> HERBERT H. SLATERY III, in his official ) <br> capacity as the Attorney General and Reporter ) <br> of Tennessee, and ) <br> ) <br> ROBERT J. MARTINEAU, JR., in his official ) <br> capacity as the Commissioner of the Tennessee ) <br> Department of Environment and Conservation ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> VOLKSWAGEN AKTIENGESELLSCHAFT ) <br> (d/b/a VOLKSWAGEN AG); AUDI AG; ) <br> VOLKSWAGEN GROUP OF AMERICA, INC. ) <br> DR. ING. H.C. F. PORSCHE AG ) <br> (d/b/a PORSCHE AG); and ) <br> PORSCHE CARS NORTH AMERICA, INC., ) <br> ) <br> **Defendants.** ) | Case No. _16-1044-III_ |

FILED
2016 SEP 28  AM 10: 27
CLERK AND MASTER
DAVIDSON CO. CHANCERY CT.
DC&M

---

**VERIFICATION OF COMPLAINT**

---

STATE OF TENNESSEE )
)
COUNTY OF DAVIDSON )

I, Christopher S. Moran, after being duly sworn, do hereby depose and, upon personal knowledge state as follows:

1. I am the Civil Enforcement Coordinator for the Tennessee Department of Environment and Conservation. I have been employed with the Department since March of 1994.

2. I am familiar with the facts giving rise to this lawsuit.

3.     I have read the allegation contained in the foregoing Verified Complaint, and believe those allegations to be true to the best of my knowledge, information, and belief.

4.     The public interest requires that this action be commenced.   Therefore, I have requested that the Attorney General file this action.

FURTHER THE AFFIANT SAITH NOT:

_____

Christopher S. Moran, Civil Enforcement Coordinator
Tennessee Department of Environment and Conservation

Sworn to and described before me

this 30th day of September, 2016

_____
NOTARY PUBLIC

My Commission Expires: March 3, 2020